IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARLIN DAVIS, #30704-004**                                                    **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:10-cv-18-DCB-MTP**

**BRUCE PEARSON, Warden**                                                    **RESPONDENT**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Davis, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on February 16, 2010. Upon review of the Petition [1], Motion to Amend [2] and Response [4], filed by the Petitioner, the Court has reached the following conclusions.

<u>Background</u>

Petitioner was convicted of conspiracy to distribute and possession with intent to distribute cocaine, cocaine base and marijuana in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Northern District of Florida. *U.S. v. Davis*, 4:92-cr-4013 (N.D. Fla. Mar. 8, 1996). On June 12, 1996, Petitioner was sentenced to serve 360 months in the custody of the Bureau of Prisons, followed by a five- year term of supervised release. Subsequently, Petitioner's conviction and sentence were affirmed by the Eleventh Circuit.

Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 was denied by the sentencing court on February 22, 2001, and his amended Motion to Vacate was denied on September 23, 2002. Petitioner's request for a certificate of appealability was denied on October 30, 2002, and the Eleventh Circuit dismissed his appeal on January 10, 2003.

On March 31, 2008, Petitioner was granted a sentence reduction to 324 months pursuant

to 18 U.S.C. § 3582(c)(2). The sentencing court denied Petitioner's Motion for Reconsideration on April 17, 2008. The Eleventh Circuit affirmed Petitioner's sentence of 324 months, on March 12, 2009. *U.S. Davis*, No. 08-12321 (11th Cir. Mar. 12, 2009).

Thereafter, Petitioner filed a "petition for writ of error audita quierela" pursuant to 28 U.S.C. § 1651, in the sentencing court. *U.S. v. Davis*, 4.09cv248 (N.D. Fla. Aug. 10, 2009). This request for relief was denied on August 10, 2009, and Petitioner's motion for reconsideration was denied on September 3, 2009. The Eleventh Circuit dismissed the appeal on November 4, 2009, and denied Petitioner's motion for reconsideration on January 13, 2010. *Davis v. U.S.*, No. 09-14691 (11th Cir. Jan. 13, 2010).

In the habeas petition before the Court, Petitioner argues that his sentence was reduced based on an incorrect adjusted offense level, thus he is entitled to a further reduction based on a criminal history category of I rather than II. Petitioner states that the sentencing guideline range for a criminal history category of I is 292 to 365 months as opposed to the category II range of 324 to 405 months.

On April 19, 2010, this Court entered an Order directing the Petitioner to file a written response to provide information regarding previous filings that challenged his current sentence. Specifically, the Order directed the Petitioner to state if he "has asserted the claims presented in this Petition to any other court." Order [3], p.2. On May 4, 2010, Petitioner filed his Response [4], wherein he clearly states that he has already litigated these claims before the sentencing court, which likewise is supported by the court record for the Northern District of Florida.

## Analysis

Initially, this Court notes that a petitioner may attack the manner in which his sentence is

being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"  *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  Id. at 452.

     Petitioner acknowledges that his claims do not challenge the execution of his sentence but instead challenge the actual validity of his criminal sentence.  However, Petitioner asserts that his claims were not ripe until his sentence was reduced in 2008, thus § 2255 does not provide an adequate or effective means to test the legality of his detention.  Therefore, Petitioner argues that he should be able to proceed with his claims in the form of a § 2241 petition.  Petitioner is referencing the "savings clause" found in § 2255 which allows a federal court to consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).[1]

     The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision

---

[1] *See* 28 U.S.C. § 2255 (emphasis added)("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*").

which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner Davis bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id*. at 901.  Furthermore, the Fifth Circuit has clearly stated that "failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."  *Pack v. Yusuff*, 218 F.3d at 452-53; *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective").  Upon consideration of the relevant case law and Petitioner's pleadings, the Court finds that Petitioner Davis has failed to satisfy the test for filing this Petition under the savings clause of 28 U.S.C. § 2255.

Since Petitioner is challenging the validity of his sentence in the instant Petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.  Because the Court has found that it lacks jurisdiction to consider this Petition, it will not address the merits of this case.

In addition, the Court points out that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000).  As stated above, Petitioner Davis has previously presented these grounds for relief to the sentencing court, the Northern District of Florida and to the appeals court, the Eleventh Circuit.  This Court will not provide the Petitioner with an alternate forum to challenge the result previously obtained from the Northern

District of Florida or the Eleventh Circuit regarding these claims.

Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause." Therefore, this Petition shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  6th  day of October, 2010.


                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE